UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
JUL 22 2013

******************************************************************************

| | | |
|---|---|---|
| FREDERICK JAMES ONE FEATHER, | * | CIV 13-1006 |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

******************************************************************************

Petitioner was convicted of two counts of sexual abuse and one count of abusive sexual contact. He was sentenced on May 16, 2011, to life on each of the sexual abuse counts and 36 months on the sexual contact charge, all sentences to run concurrent. He appealed the denial of his challenge under Batson v. Kentucky, 476 U.S. 79 (1986), the sufficiency of the evidence on the sexual abuse charges, and the denial of his request to apply a downward departure based upon extraordinary physical impairment at sentencing. The United States Court of Appeals for the Eighth Circuit affirmed the convictions and sentence. United States v. One Feather, 465 Fed. Appx. 577, 2012 WL 695140 (8th Cir. 2012).

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of prosecutorial misconduct and ineffective assistance of counsel. I have conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts.

## DECISION

**I. Prosecutorial Misconduct.**

Section 2255 provides federal prisoners a remedy for claims that their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The remedy "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (*quoting* United States v. Addonizio, 442 U.S. 178,

185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). When a prosecutor's conduct is alleged to have prejudiced a specific constitutional guarantee, it may amount to a denial of a constitutional right. *See* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974).

Petitioner contends that 1) the FBI misled the prosecutor, 2) there was insufficient evidence to prove all elements of the charges, 3) prosecutorial misconduct prevented a fair trial, 4) the prosecutor used coercive tactics and exerted undue influence on witnesses, 5) the prosecutor created a conflict of interest for counsel, 7) due process violations occurred, and 7) evidence was obtained by illegal means.

The sufficiency of the evidence was raised on direct appeal. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (*quoting* United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)). Defendant's claim challenging the sufficiency of the evidence is barred because defendant is seeking to revisit the same issue that was rejected on direct appeal.

To state an actionable claim for habeas relief, a petitioner "must allege sufficient facts to establish a constitutional claim. Mere conclusory allegations will not suffice." Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). Petitioner's remaining claims of prosecutorial misconduct are conclusions with no factual allegations for support. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978). Facts stated in a conclusory fashion are inadequate on their face. *See* Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Petitioner has failed to state facts sufficient to raise a claim that prosecutorial misconduct violated a specific Constitutional guarantee.

## II. Ineffective Assistance of Counsel.

The standards for evaluating ineffective assistance of counsel claims are well settled.

> We evaluate claims of ineffective assistance of counsel under the familiar standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a § 2255 movant must establish (1) that counsel's representation was deficient and (2) that he

2

> suffered prejudice as a result. *Theus v. United States*, 611 F.3d 441, 446
> (8th Cir. 2010). "Deficient performance is that which falls below the
> range of competence demanded of attorneys in criminal cases." *Id.*
> (quotation omitted). Prejudice requires the movant to establish "a
> reasonable probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different. A reasonable
> probability is a probability sufficient to undermine confidence in the
> outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011). The United States Supreme Court has reminded us that "[s]urmounting Strickland's high bar is never an easy task." Premo v. Moore, 131 S.Ct. 733, 739 (2011). "[T]he Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." Premo v. Moore, 131 S.Ct. at 740 (*quoting* Strickland, 466 U.S. at 689-90).

Petitioner contends that counsel was ineffective in 1) inadequate investigation and preparation for trial, 2) failure to call witnesses to refute government testimony, and 3) failure to object to prosecution questioning injecting hearsay statements. Petitioner has stated facts in a conclusory fashion which are inadequate on their face to justify relief.

The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir.1994). However, petitioner must identify what evidence should or could have been discovered. He has not done so.

Criminal defendants are not required to put on any evidence and can rely upon the government's failure to prove the charges beyond a reasonable doubt during the presentation of its case. That is what transpired in this case. Petitioner has not identified what witnesses could or should have been called to refute the testimony presented by the government's witnesses.

Petitioner has not set forth what hearsay statements were made to which counsel failed to object. The government's witnesses testified that the victim wrote a note accusing the petitioner of sexually abusing her, that the petitioner was confronted about the note and did not deny the abuse, that the petitioner had recorded the dates of sexual abuse in his cell phone calendar, and

3

that the petitioner kept a journal wherein he apologized to the victim's grandmother for the abuse. Defendant's statements to witnesses who had questioned him about the victim's abuse allegations, his recorded notes in his cell phone, and his journal entries were not hearsay and were properly admitted at trial. The contents of the victim's note were testified to by the victim and by three other witnesses who had read the note, all without objection. In the absence of a timely objection, the question should be reviewed for plain error only. The note was consistent with the testimony under oath of four witnesses, all of whom were subject to cross examination. Even assuming the note was hearsay, any alleged error in admitting the note into evidence was harmless error. No substantial rights of the defendant were violated because the alleged error, based on the entire trial, had no influence on the verdicts of the jury. The evidence against the defendant was overwhelming. He posted on his cell phone an admission of guilt, listing a specific date. He hung himself.

Petitioner cannot demonstrate that he suffered prejudice as a result of counsel's failure to object to hearsay because he cannot show that there was a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the trial would have been different. It is thus unnecessary to make any determination whether failure to object to certain testimony constituted ineffective assistance.

Summary dismissal would be appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. However, considering petitioner's life sentence and the fact that he is pro se, it is appropriate to afford him the opportunity to amend his petition to state facts to support his motion.

## ORDER

Now, therefore,

IT IS ORDERED that petitioner may, on or before August 31, 2013, file an amendment to his motion to vacate, which amendment shall contain more definite nonconclusory facts to support the grounds raised in his petition. In the absence of such a filing, summary dismissal will be ordered.

Dated this 19th day of July, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: Barbara J. Poephle
DEPUTY
(SEAL)