UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
SEP 24 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FREDERICK JAMES ONE FEATHER, | * | CIV 13-1006 |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | DENYING MOTION TO VACATE |
| | * | AND ORDER DENYING |
| UNITED STATES OF AMERICA, | * | CERTIFICATE OF APPEALABILITY |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his life sentence for two counts of sexual abuse counts and 36 month sentence for sexual contact. Following a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, I determined that summary dismissal would be appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. However, considering petitioner's life sentence and the fact that he is pro se, he was afforded the opportunity to amend his motion to state facts to support his motion. He filed a late amended motion.

## DECISION

### I. Prosecutorial Misconduct.

As set forth in the previous opinion, Section 2255 provides federal prisoners a remedy for claims that prosecutorial misconduct prejudiced a specific constitutional guarantee. See Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974).

Petitioner originally claimed that the FBI misled the prosecutor, prosecutorial misconduct prevented a fair trial, the prosecutor used coercive tactics and exerted undue influence on witnesses, the prosecutor created a conflict of interest for counsel, and evidence was obtained by illegal means. I previously held that petitioner's claims of prosecutorial misconduct were conclusions with no factual allegations for support and therefore the motion failed to set forth "sufficient allegations of facts which, if true, would justify relief." See Smith v. United States,

635 F.2d 693, 696 (8th Cir. 1980). I held that petitioner must state facts sufficient to raise a claim that prosecutorial misconduct violated a specific Constitutional guarantee.

Petitioner contends in his amended pmotion that the FBI agent misled the Magistrate Judge and prosecutor during the bail hearing, used coercion and undue influence to "suborn witnesses to parallel statements and tainted evidence," and improperly obtained a letter and diary. He claims the FBI agent's alleged misconduct violated the "Domestic Investigation and Operations Guide for the Federal Bureau of Investigation." Petitioner's claim concerning the bail review hearing does not raise a Constitutional claim as to his convictions and sentences. His other claims concerning the FBI agent's conduct do not raise any Constitutional claim.

Petitioner contends in his amended motion that the prosecutor exerted undue influence upon the grand jury, exerted coercion and undue influence on witnesses to match tainted evidence, improperly stacked indictments, did not prove all elements of the charges, used tainted witness evidence, and infringed on his due process rights. "There is a strong presumption of regularity in grand jury proceedings, and the defendant has a heavy burden in proving irregularities." United States v. McKie, 831 F.2d 819, 821 (8th Cir. 1987). Petitioner has failed to set forth any claim of misconduct before the grand jury which is cognizable in a § 2255 motion. Petitioner's claims that the prosecutor exerted coercion and undue influence upon witnesses are mere conclusory allegations. His claim that the indictments were stacked is actually a claim that the indictment was duplicitous, a claim which is not properly raised in a § 2255 proceeding. His claim that the prosecutor did not prove all the elements of the charges is a claim for insufficiency of the evidence which has previously been rejected. His claims that the prosecutor used tainted evidence and infringed upon his due process rights are mere conclusory allegations.

## II. Ineffective Assistance of Counsel.

Petitioner previously contended that counsel was ineffective in 1) inadequate investigation and preparation for trial, 2) failure to call witnesses to refute government testimony, and 3) failure to object to prosecution questioning injecting hearsay statements. I held that petitioner had stated facts in a conclusory fashion which were inadequate on their face to justify relief. He re-stated his prior claims in his amended motion and also contends that counsel failed

to learn the facts and familiarize himself with the law, provided faulty and erroneaous advice, insufficiently cross-examined the witnesses, failed to properly object to the validity and admission of evidence, and did not question the validity of exhibits. The amended motion continues to state facts in a conclusory fashion which are inadequate on their face to justify relief.

Summary dismissal of the motion and amended motion is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## ORDER

Now, therefore,

IT IS ORDERED that the motion and amended motion to vacate, set aside, or correct sentence are denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**: Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motions. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 24th day of September, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

BY: _____
DEPUTY
(SEAL)